```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

STEPHANIE LAMPE,                  :
                                  :   NO. 1:03-CV-00162
         Plaintiff,               :
                                  :
                                  :
    v.                            :   **OPINION & ORDER**
                                  :
                                  :
KIRK KASH, et al.,                :
                                  :
         Defendants.              :

This matter is before the Court on Plaintiff's Amended Motion to Revive a Dormant Judgment (doc. 77) and Defendant's response thereto (doc. 78). In brief, judgment against Defendant was entered on August 17, 2004 in the amount of $25,000 (doc. 71). According to Plaintiff's motion, Defendant has never paid any amount of that judgment (doc. 77). Defendant argues that Plaintiff's motion should be denied with prejudice because he filed for Chapter 7 bankruptcy on February 17, 2012 and listed Plaintiff as a creditor in that filing (doc. 78). Plaintiff failed to make an objection or otherwise appear during the bankruptcy proceeding, and Defendant was granted a discharged on May 30, 2012 under 11 U.S.C. §727 (Id.).

The Court has reviewed the docket from Defendant's 2012 bankruptcy. Plaintiff was indeed listed as creditor, care

of her attorney of record.  There is no record of her or her attorney appearing at the meeting of creditors or otherwise challenging the discharge[1] of the debt owed her.  Instead, Defendant's debts were discharged in bankruptcy, including his debt to Plaintiff, and Plaintiff's motion before this Court must therefore be, and hereby is, denied.

   SO ORDERED.

Dated:  November 7, 2012  /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge

---

[1] Had she challenged the discharge of the debt as, for example, being a debt for willful and malicious injury, she might have been successful since such debts are excepted from discharge.  See 11 U.S.C. §523(a)(6).